No. 2377.—C. T. BUDDECKE & Co., Agents, *v.* H. A. SPENCE—C. E. SLAYBACK & Co., Intervenors.

The act of the General Assembly of 1841, amending article 3214 of the Civil Code and giving to the consignee, commission agent and factor a privilege and preference over the attaching creditor on the goods consigned, is not repealed or modified by the act of March 28, 1867, amending article 3184 of the Civil Code, in reference to privileges on certain movables.

The fact that the consignor gives the consignee notice in writing at the time the goods are shipped that he intends to draw on him, does not impair, destroy or postpone the privilege given by law on the goods shipped for any balance that may be previously due him. In this respect it makes no difference whether the indebtedness results from advances made on the goods shipped or not.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Buddecke & Upton*, for plaintiffs and appellants. *Randolph, Singleton & Browne*, for defendants and appellees.

HOWE, J. The plaintiffs, as agents of the Fourth National Bank of St. Louis, commenced this action against the defendant, Spence, a resident of Missouri, and attached a shipment of grain consigned by steamer Thompson Dean to C. E. Slayback & Co., of New Orleans.

Slayback & Co. intervened, claiming that the grain had been consigned by Spence to them as commission merchants for sale; that bills of lading in which they were named as consignees had been regularly

issued and received by them long prior to the arrival and attachment of the goods; that Spence was indebted on balance of account to them as his commission agents in a large sum, for advances made on previous shipments; and that they had a special property in the goods and a claim or privilege on them superior to that of plaintiffs as attaching creditors.

The decision of the lower court was in favor of the claims of intervenors on the point of privilege, and plaintiffs have appealed.

They make two points in this court:

*First*—That the act of 1841, amending article 3214 of the Civil Code and giving the consignee, commission agent and factor a privilege in preference to the attaching creditor on the goods consigned to him for any balance due him, whether specially advanced on said goods or not, has been repealed by the act of March 28, 1867, amending article 3184 of the Civil Code, in reference to the privileges on certain movables. We can not assent to this proposition. The two sections are entirely independent in their action, and an amendment of one does not, in itself, affect an amendment to the other.

Article 3184 is under one section, entitled " Of the Privileges on Particular Movables;" article 3214 is under another section, entitled " Of the Privilege on Ships and Merchandise." The furnisher of plantation supplies and his privilege on the crop, mentioned in article 3184, are one thing; the consignee of goods from St. Louis and his privilege for balance due as against the attaching creditor, mentioned in article 3214, another thing.

*Second*—The plaintiffs further insist that inasmuch as when Spence shipped the goods and sent the bills of lading to Slayback & Co. he wrote at the same time, " I may need some money to-morrow; suppose you can accommodate me," therefore Slayback & Co. were notified of the fact that the proceeds of these shipments had, by the shipper, been disposed of in favor of third parties; that the consignments were conditional, made upon condition that their acceptance should be followed by the acceptance of the bills sued on, and that until the performance of this condition, Slayback & Co. could acquire no right to the goods so consigned. It should here be stated that the plaintiffs sue upon drafts drawn by Spence on Slayback & Co., which the latter refused to accept. In discounting these drafts it is clear from the testimony that the bank did not rely on any security except the honesty and solvency of Spence. The bank has no privilege on the grain or its proceeds; and we are at a loss to see how the expression in the letter of Spence, quoted above, could impair the privilege accorded by law to Slayback & Co. Spence shipped his grain here, consenting that it should fall into the clutches of this privilege. How can his ordinary creditor, the bank, complain?

Judgment affirmed.